UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KARL ROBERT IRWIN,

Petitioner,

v.

SCOTT FISHER, Warden,
FCI-Sandstone,

Respondent.

Civil No. 09-1245 (PJS/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

I.  **BACKGROUND**

In March 2005, Petitioner was indicted in the United States District Court for the District of North Dakota, for possession with intent to distribute a controlled substance within 1000 feet of a school. In July 2005, a federal court jury found Petitioner guilty of that offense. In September 2005, Petitioner was sentenced to 175 months in federal prison,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; see also Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

to be followed by 16 years of supervised release. Petitioner is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner did not file a direct appeal after he was convicted and sentenced. However, on June 22, 2006, Petitioner filed a post-conviction motion in the trial court, seeking to have his conviction and sentence vacated pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion presented three claims for relief: (1) that his sentence should be vacated, because it was based on an erroneous finding about the nature of the controlled substance involved in his offense; (2) that the jury did not make a finding on an essential element of the charged offense – namely, that he actually intended to distribute a controlled substance within 1000 feet of a school; and (3) that he was deprived of his constitutional right to effective assistance of counsel, because his trial counsel failed to raise the first two claims presented in his § 2255 motion.

On July 25, 2006, the trial court rejected all of Petitioner's § 2255 claims on the merits. Irwin v. United States, 439 F.Supp.2d 954 (D.N.D. 2006). Petitioner tried to appeal the trial court's ruling on his § 2255 motion, but he was unable to obtain a Certificate of Appealability from either the trial court or the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Petitioner's current habeas corpus petition, filed on May 28, 2009, presents a new challenge to his 2005 North Dakota federal criminal conviction. Petitioner now claims that the relevant evidence, viewed in its entirety, does not support his conviction. The Court finds, however, that Petitioner's current challenge to his 2005 federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition.

## II.     DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2005 federal criminal conviction in the District of North Dakota. He claims that his conviction should be vacated, because it is not supported by the relevant evidence. Because Petitioner is directly challenging the validity of his federal criminal conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-approval order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and

4

sentenced.[2]

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. See 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, assuming Petitioner believes that his current petition is exempt from the exclusive remedy rule of § 2255 under the savings clause, and that he can challenge his 2005 federal criminal conviction in a § 2241 habeas proceeding because he is not presently eligible for relief under § 2255 (due to the restrictions on successive motions and the one-year statute of limitations), that reasoning is rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Indeed, the Eighth Circuit Court of Appeals has expressly held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)

---

[2] The trial court recently entered an order in Petitioner's North Dakota federal criminal case, which confirms that Petitioner is not currently eligible for relief under § 2255. United States v. Irwin, No. 1:05-cr-021 (D.N.D. Mar. 31, 2009), 2009 WL 904681 at * *2 (noting that Petitioner's "right to file another Section 2255 motion has been exhausted").

(citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002). "A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.

Applying these principals here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because he had a reasonable opportunity to raise his current claims for relief. In fact, he has had two such opportunities. First, he could have raised his current claims in a direct appeal immediately after he was convicted and sentenced. Second, he had the opportunity to raise his current claims when he filed his § 2255 motion. Petitioner cannot now contend that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims for relief on direct appeal or in his prior § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in Abdullah –

6

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on the Eighth Circuit precedent, the Court finds that the § 2255 savings clause is not applicable here for any of Petitioner's current claims. He had an adequate procedural opportunity to raise these claims, and he is therefore barred from bringing them now in a § 2241 habeas corpus petition.

### III. CONCLUSION

The Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 2005 federal criminal conviction in the District of North Dakota; (2) any such challenge must be raised in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition"); DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly

7

dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: June 4, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 23, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.